IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DAVID DUQUE, JAMES STEWART, TYRUS COLLINS, GABRIEL PADILLA,** on behalf of themselves, and all other similarly situated plaintiffs known and unknown,<br><br>Plaintiffs<br><br>v.<br><br>**RELIANCE SECURITY SERVICES, A/K/A RELIANCE SECURITY & CONSULTING CORP., AND ABDUL KHAN, INDIVIDUALLY,**<br><br>Defendants | **Nº.** 12 cv 6695<br><br>**Honorable Judge Edmond E. Chang**<br><br>Magistrate Judge Young B. Kim<br><br>*<u>JURY DEMAND</u>* |

**PLAINTIFFS' MOTION
FOR JUDGMENT IN SUM-CERTAIN**

NOW COME Plaintiffs, by and through their attorneys, and for their Motion for Judgment in Sum-Certain, state as follows:

1.  On August 22, 2012, Plaintiffs filed suit under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1 *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs and other similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks.

2.  After extensive attempts at settlement and the ultimate withdrawal of defense counsel, Plaintiffs filed their Motion for Partial Summary Judgment on the Issue of Liability and for Final Certification of Their Collective Action on April 11, 2014. (Dkt. Nos. 62-67).

3. On May 22, 2014, Defendants having filed no response to Plaintiffs' Motion, this Court held the individual and corporate Defendants in default for failure to defend their case. (Dkt. No. 74). The Court ordered Plaintiffs to file their Motion for Judgment in Sum Certain by June 23, 2014. *Id.*

4. Plaintiffs worked for Defendants during varying time periods as security guards, and were paid a straight rate of pay for all hours worked, including those hours over forty (40) in a workweek. *See* Declarations of Plaintiffs as to damages, attached hereto as Exhibits A-S; and Damage Calculations, attached hereto as Exhibit V, and Payroll Summaries of Eduardo Guillen and Pierce Dante Brown, attached hereto as Exhibits X and W, respectively.

5. In order to establish their damages, Plaintiffs used the records available to them, however, Defendants did not keep accurate records of Plaintiffs' hours worked. Therefore, Plaintiffs used their individual records, Defendants' incomplete records, and where available, the Illinois Department of Labor's records from a previous audit, in order to calculate what they are due, amounts which are detailed in the attached Exhibits A-S.

6. In cases where an employer has not maintained time records compliant with the timekeeping provisions of the United States Department of Labor, estimating the overtime hours worked has been approved as reasonable "and the Court may then award damages to the employee even though the result be only approximate." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *see also Driver v. AppleIllinois, LLC*, 2013 U.S. Dist. LEXIS 154773, *1, *17-18 (N.D. Ill. Oct. 29, 2013) (holding that

plaintiffs are entitled to a just and reasonable inference of their hours worked and damages owed when employers fail to keep accurate records).

7. Furthermore, Plaintiffs' damages should be liquidated or doubled under the liquidated damages provisions of the FLSA. It is well settled that under the FLSA, liquidated damages are presumed when the act is violated. *Walton v. United Consumers Club, Inc*., 786 F.2d 303 (7th Cir.1986). Furthermore, liquidated damages are not penal in nature but constitute compensation for the retention of a workman's pay which might result in damages too obscure and difficult to prove or estimate other than by liquidated damages. *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942). This Circuit has held that double damages are the norm, single damages the exception. *Avitia v. Metropolitan Club of Chicago, Inc*., 49 F3d 1219 (7th Cir. 1995). Accordingly, Plaintiffs are entitled to a judgment including the sum of liquidated damages as detailed in the attached Exhibits A-S.

8. Under the FLSA, Plaintiffs are also entitled to reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b). Plaintiffs' reasonable fees and costs to date total $66,651.00 and are detailed in the attached declaration of John W. Billhorn. *See* Exhibit Y, Declaration of John W. Billhorn.

WHEREFORE, Plaintiffs respectfully request this Court to grant their Motion for Judgment in Sum-Certain, to accordingly enter judgment against all Defendants in the amount of $139,626.25 as for Plaintiffs' damages and $66,651.00 as for attorneys' fees and costs, for a total amount of $206,277.25, and for such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

***Electronically Filed 6/23/2014***

/s/ John W. Billhorn

_____

John W. Billhorn

BILLHORN LAW FIRM
120 S. State Street, Suite 400
Chicago, IL 60603
(312) 853-1450